IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-274-E-BN |
| | § | |
| OCTOPUS ENERGY, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kimberly Johnson filed a *pro se* complaint alleging that Defendant Octopus Energy, LLC violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Texas laws. *See* Dkt. No. 3.

United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Because Johnson paid the statutory filing fee, the Court entered an order advising her of service obligations imposed under Federal Rule of Civil Procedure 4 and cautioning Johnson that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (which will be May 5, 2025), this case is subject to dismissal without prejudice under Federal Rule of Civil Procedure 4(m) unless she shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period.

*See* Dkt. No. 5.

Johnson amended her complaint on February 25, 2025. *See* Dkt. No. 8.

Through a motion filed the next day, Plaintiff's Motion for Alternate Service and Default Judgment [Dkt. No. 9], Johnson outlines unsuccessful attempts to serve Octopus (with presumably the original complaint) through methods authorized by Federal Rule of Civil Procedure 4(h)(1)(B) (for example, through personal service) and Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) and Texas Rule of Civil Procedure 106(a) (for example, through certified mail). *See* Dkt. No. 9 at 2-5; *see also Crotts v. Freedom Mortg. Corp.*, No. 4:23-CV-04828, 2024 WL 4446514, at *1 (S.D. Tex. Oct. 8, 2024) ("Texas law specifies that service by certified mail is one of two *default* (rather than substitute) methods for effectuating service of process." (emphasis in original; citations omitted)).

Johnson also "requests that the Court conclude that [other] process *already* attempted is authorized as a completed service of process," including through various emails and via regular mail. Dkt. No. 9 at 6-7 (emphasis in original).

And Johnson seeks entry of default judgment against Octopus. *See id.* at 1.

For the following reasons, Johnson's motion should be denied.

## Discussion

First, to the extent that Johnson seeks a default judgment, "[w]hen a plaintiff fails to properly serve process on a defendant, the district court lacks personal jurisdiction over the defendant and any default judgment would be void." *Webster v. Kijakazi*, No. 21-50455, 2021 WL 4468889, at *3 (5th Cir. Sept. 29, 2021) (per curiam)

(citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)); *see also Rogers*, 167 F.3d at 937 ("[A] defendant can not make an appearance for purposes of [Federal Rule of Civil Procedure] 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default.").

As Johnson admits, she has yet to properly serve Octopus. So there is no foundation to enter a default or default judgment.

Nor may the Court effectively deem sufficient Johnson's unauthorized prior attempts to serve Octopus through a substitute method, such as through an email.

> Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by "following state law for serving a summons." In this case, Texas law applies and permits service by personal service or certified mail. TEX. R. CIV. P. 106(a). But Rule 106 also authorizes a court to order substituted methods of service. Only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon motion supported by proper affidavit, authorize substitute service. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).
> Upon motion of the plaintiff with a sworn statement listing the location a defendant can be found, and the facts of the attempted, yet unsuccessful service, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that ... evidence shows will be reasonably effective to give the defendant notice of suit." TEX. R. CIV. P. 106(b)(2). "[S]ubstitute service is not authorized ... without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022); *accord Am. Home Assurance Co. v. Zeus Plumbing*, No. SA-23-CV-01424-XR, 2024 WL 4795986, at *3 & n.1 (W.D. Tex. Aug. 20, 2024); *see also Amarillo Med. Specialists, LLP v. AKOS MD IPA, LLC*, No. 2:23-cv-26-Z-BR, 2023 WL 8582621, at *1 (N.D. Tex. Oct. 12, 2023) (Rule 4(e) "allows a party to serve an individual within a judicial district of the United States by following state law for serving a summons in

an action brought in courts of general jurisdiction in the state where the district court is located. Under this Rule, federal courts may look 'to the long-arm statute of the State in which it sits to determine whether an out-of-state defendant is amendable to service.' Texas Rule of Civil Procedure 108 directs that '[w]here the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant ... in the same manner as provided in Rule 106 hereof.'" (citations omitted)).

Because Johnson failed to comply with Texas Rule 106(b)(2) and thereby obtain authorization from the Court prior to her attempts at substitute service, those attempts were not proper and cannot be deemed sufficient after the fact.

The undersigned further notes that, to the extent that Johnson has amended her complaint prior to Octopus appearing in this lawsuit, that amended pleading must be served on Octopus under Rule 4. That is because, under Federal Rule of Civil Procedure 5(a), "personal service of the summons and complaint is not required in order to serve an amended complaint" only once a party has "already appeared in the litigation." *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985); collecting other cases); *see also* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." (footnote

omitted)).

## Recommendation

The Court should deny Plaintiff's Motion for Alternate Service and Default Judgment [Dkt. No. 9].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE